# THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT, *v.* WILLIAM HOLMES, RESPONDENT.

*Code of Criminal Procedure, secs.* 721, 723, 725, 962 — *they did not repeal section 31 of* 2 *Revised Statutes,* 716, *relating to criminal warrants — immaterial errors as to form, not prejudicial to the defendant, will be disregarded — Code of Criminal Procedure, sec.* 684.

Upon the return to a writ of *habeas corpus* it appeared that the defendant was held by virtue of a warrant given under the hand and seal of a justice of the peace, addressed to any constable of the county and the keeper of the common jail, commanding them to take and keep in custody the defendant, who, as the warrant recited, had been convicted before said justice, composing a Court of Special Sessions for his trial, of a criminal offense against the excise laws, and been sentenced by said court to pay a fine of fifty dollars, and be imprisoned in the county jail until the fine was paid, not exceeding fifty days. The court discharged the defendant upon the ground that the commitment was "invalid and not made in accordance with any law or statute now in force."

*Held,* error; that the warrant complied with the provisions of section 31 of 2 Revised Statutes, 716, which had not been expressly repealed by any statute, and which was not impliedly repealed by the provisions of sections 721 and 725 of the Code of Criminal Procedure, the directions of the Code as to the certificate thereby required not being exclusive of, or necessarily inconsistent with, the provisions of the said section of the Revised Statutes.

That even if the said section should be regarded as repealed or superseded, yet as the warrant recited all the substantial facts which the Code requires shall be stated in the certificate the warrant was not wholly void, and the defect being one which could not actually prejudice, or tend to prejudice, the defendant, should, under the provisions of section 684 of the Code of Criminal Procedure, be disregarded.

APPEAL from an order of the county judge of Livingston county discharging the defendant, on *habeas corpus,* from arrest.

*George W. Daggett,* district attorney, and *James Wood,* for the appellant.

*S. Hubbard,* for the respondent.

SMITH, P. J.:

The sheriff, to whom the writ of *habeas corpus* was directed, returned that he had the defendant in his custody by virtue of a warrant of commitment, a copy of which was annexed to his return. The warrant was given under the hand and seal of Robert Neel, a

justice of the peace of the county of Livingston, dated the 22d of January, 1886, and addressed to any constable of said county, and to the keeper of the common jail thereof. It commanded the said constable to forthwith convey and deliver into the custody of the keeper of said jail the body of the said William Holmes, who, as the warrant recited, was that day convicted before said justice, composing a Court of Special Sessions for his trial, of a criminal offense against the excise laws, and was sentenced by said court to pay a fine of fifty dollars, and to be imprisoned in the jail of said county until the fine is paid, not exceeding fifty days. The order of the county judge discharging the defendant shows the ground of the discharge to have been that the commitment, by virtue of which he was imprisoned, was "invalid and not made in accordance with any law or statute now in force." No objection is taken to the proceedings before the justice prior to the judgment of conviction; the only question is whether the commitment is sufficient in form.

The warrant complies with the provisions of the Revised Statutes (2 R. S., 716, § 31), and if those provisions are still in force it is sufficient to authorize the imprisonment. We are not aware of any express repeal of the section above referred to. None is found in the Code of Criminal Procedure. (Laws 1881, chap. 442.) Does that Code repeal it by implication? That Code provides that when a conviction is had in a Court of Special Sessions, upon a plea of guilty or upon a trial, the court must make and sign a certificate in substantially the form therein prescribed (sec. 721), and within twenty days after the conviction must cause the certificate to be filed in the office of the clerk of the county. (Sec. 723.) It also provides that the judgment must be executed by the sheriff or by a constable, etc., upon receiving a copy of the certificate prescribed in section 721, certified by the court or the county clerk. (Sec. 725.) And section 962 applies the Code to all criminal actions and proceedings therein provided for, from the time when it takes effect. But these provisions are not in terms exclusive, nor are they necessarily inconsistent with the section of the Revised Statutes above cited. It may be said that the provision, that the court shall make, sign and file a certificate as therein prescribed, is imperative. Grant it. But there is nothing in the case before us to show that the provision was not complied with. All that appears is that such certifi-

.cate or a certified copy thereof, was not delivered to the constable. It may be granted, also, that the duty imposed upon the constable by section 725, upon his receiving a copy of the certificate, is imperative. But is not his duty the same on receiving a warrant as prescribed by section 31 of the Revised Statutes? The Code does not prohibit the delivery of a warrant to the officer, nor does it require the court to deliver him a copy of the certificate. Indeed, it does not even authorize such delivery expressly, but perhaps the authority to do so may be fairly inferred. Such authority, however, is not inconsistent with section 31 of the Revised Statutes, the only effect of continuing both in force, being that the court may deliver either a warrant or a certificate to the officer, whose duty would be the same in either case. Doubtless section 31 is modified by subsequent legislation, authorizing a single justice to hold a Court of Special Sessions, but in all other respects it seems to be in force.

But if these suggestions are incorrect, and section 31 is to be regarded as repealed or superseded, we are not prepared to say that the commitment issued by the Court of Sessions is wholly void. If it substantially complies with the provisions of the Code it is sufficient. It recites all the substantial facts which the Code requires to be stated in the certificate of the court. True, it is not certified by the court to be a copy of its certificate, but it is the original, certified under the hand and seal of the justice composing the court, and unless mere form is to be preferred to substance, it seems to meet the material requirements of the statute. Section 684 of the Code of Criminal Procedure provides that neither a departure from the form or mode prescribed by such Code, in respect to any pleadings or proceedings, nor an error or mistake therein, render it invalid, unless it have actually prejudiced the defendant, or tended to his prejudice, in respect to a substantial right. It is quite immaterial to the defendant whether the process, by virtue of which he was imprisoned, was in the form of a warrant under the Revised Statutes, or of a certificate under the Code of Criminal Procedure, and the variance complained of being at most a defect in the proceeding, which worked no prejudice, does not invalidate the process.

A clerical error is pointed out by which the certificate is made to recite the offense as having been committed in November, 1886,

instead of November, 1885. Obviously, that error could not have misled or prejudiced the defendant, and it does not affect the validity of the certificate.

A motion to dismiss the appeal is made upon the ground that since the defendant was discharged he has been rearrested upon a valid certificate issued upon the judgment, and has satisfied the judgment. It appears, however, that the defendant has commenced an action for false imprisonment, based upon the alleged invalidity of the process, which is now pending, and that fact, we think, is a defense to the motion. The right to appeal from a final order, discharging a prisoner upon a criminal accusation, in the name of the people, by the attorney general or district attorney, is given by section 2059 of the Code of Civil Procedure.

Our conclusion is that the motion to dismiss the appeal should be denied, and the order appealed from reversed. If the judgment has been satisfied, that fact is, of course, a bar to any further proceedings under it.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

Motion to dismiss appeal denied, and order appealed from reversed.